1  ROBERT W. RAINWATER, CA. Bar No. 67212
   Rainwater Law Group
2  Designated Counsel for Service
   1430 Willamette Street, Suite 492
3  Eugene, Oregon 97401-4049
   Telephone: (541) 344-1785

4

5  Attorney for Defendant
   JOHN MCCARTNEY

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  UNITED STATES OF AMERICA,        )    NO. 1:07cr0151 OWW
                                     )
13              Plaintiff,           )    [AMENDED]
                                     )    MOTION TO DISMISS INDICTMENT FOR
14      v.                           )    VIOLATION OF THE UNITED STATES
                                     )    CONSTITUTIONAL RIGHT TO BEAR ARMS
15  JOHN McCARTNEY,                  )    UNDER THE SECOND AMENDMENT
                                     )
16              Defendant.           )    Date:  March 17, 2008
                                     )    Time:  9:00 a.m.
17  _____)    Judge: Hon. Oliver W. Wanger

18

19

20      TO MCGREGOR W. SCOTT, UNITED STATES ATTORNEY, AND DAWRENCE W. RICE,
    JR., ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:

21      Mr. McCartney submits that the statutes alleged in the indictment are facially unconstitutional and

22  unconstitutional as applied because they violate the prohibitions contained in the Second Amendment to

23  the United States Constitution. On this grounds he requests that the court dismiss the indictment.

24      The Second Amendment to the United States Constitution provides that:

25      "A well regulated Militia, being necessary to the security of a free State, the right of the people to

26      keep and bear Arms, shall not be infringed."

27      Previously Mr. McCartney filed a motion in limine to dismiss on this same grounds. The court

28  denied that motion. At the time of the previous motion the Supreme Court was considering the issue of the

scope of the Second Amendment, but had not yet issued it opinion. Since that time the Supreme Court has issued its opinion in *District of Columbia v. Heller*, 2008 U.S. LEXIS 5268, 76 U.S.L.W. 4631 (June 26, 2008). The Court in *Heller* found that the Second Amendment "guarantees the individual right to possess and carry weapons in cases of confrontation." in other words that an individual has "the right of having and using arms for self-preservation and defence."

The Court went on to hold that this right was not unlimited and describe two areas of limitation on the individual right to bear arms for self defense. The first area is where the court's have imposed longstanding prohibitions on the possession of firearms. The Court gave as examples laws relating to carrying of concealed weapons, possession of firearms by felon and the mental ill, or the carrying of firearms in sensitive places such as schools and government building, or laws imposing conditions and qualification. The second qualification on the individual right to bear arms was that it only protects the right to possess arms that were "those 'in common use at the time'" of the adoption of the constitution. The Court suggested that the protection provided in the second amendment, at the time it was enacted, was limited to bringing "the sorts of lawful weapons that they possessed at home to militia duty."

Here, the superseding indictment charges Mr. McCartney in Counts One through Six with mere possession of weapons. Mere possession of weapons is not the type of law that has had longstanding prohibitions listed by the Supreme Court and is, therefore, protected by the Second Amendment. The sole issue here is whether the weapons were of a type lawfully available to someone at the time of the Second Amendment's enactment. The counts alleged against Mr. McCartney charge him with possession of machine guns and hand grenades.

Mr. McCartney requests that the court hold an evidentiary hearing to consider the issue of whether or not these weapons were lawfully available to someone at the time of the Second Amendments enactment. The only way for the court to decide this issue is to hear expert testimony. The court should hear evidence regarding this issue before ruling on the motion. A cursory review of historical sources suggests that, in fact, such weapons were common, and lawful.

A machine gun has been defined as any weapon that shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. 26 U.S.C. § 5845(c). But, it is really just a rifle, which is a descendant of the musket which was

McCartney - Motion in Dismiss and Request for Hearing

first used in the 15th Century. *See Wikipedia, Rifles*. These types of weapons were clearly available by people at the time of the Second Amendment. Just because muskets have been made better since the time of the enactment of the Second Amendment, clearly doesn't prohibit possession of these updated weapons. Even handguns, the weapons allowed in *Heller*, were muskets at the time of the enactment of the Second Amendment. But the Supreme Court didn't require the District of Columbia to let Mr. Heller only have a musket type handgun. They ordered the District to "permit him to register his handgun and must issue him a license to carry it in the home." Clearly, the sophisticated weapons available now as handguns were not commonly available to people at the time of the Second Amendment, but that did not stop the Court from allowing possession of current handguns. Similarly, because weapons can now, because of technology, be made to fire rapidly, whether they are handguns or rifles, does not per se prohibit there use. Therefore, the prohibition of machine guns for protection of the home under the Second Amendment is prohibited.

As for hand grenades they were first invented in China during the Song Dynasty (960—1279 AD) and involved ceramic or metal containers with gun powder contained within them. *See Wikipedia, Hand Grenade*. According to many sources, they have been available since that time to anyone, because of the read availability of the parts to make them at home. They weren't used extensively, by militias, until around the time of the civil war because of the unreliable nature of the fuses existing at that time. That doesn't mean that they weren't commonly available, it just means they were not very effective. *Id.*

Clearly, both of these types of weapons were lawful available to anyone at the time of the second amendment and they would likely have been taken with them for militia duty. In fact, statutes prohibiting these weapons were not enacted until 1968. 18 U.S.C. 922.

Counts Seven through Twenty Nine charge Mr. McCartney with possession of the same types of firearms that had not been registered in the National Firearms Registration and Transfer Act. In *Heller* the court further addressed the District of Columbia's requirement that firearms in the home be rendered and kept inoperable at all times. The court found that this provision also violated the Second Amendment. Similarly, as here a registration requirement for weapons, which are lawful to possess for self protection, violates the Second Amendments right to bear such arms, as the court stated, "it [the Second Amendment] surely elevates above all other interest the right of law-abiding, responsible citizens to use arms in defense of hearth and home." Here, Mr. McCartney has a right under the Second Amendment to bear the arms for

McCartney - Motion in Dismiss and Request for Hearing

1    which the government has charged him with criminally. He is not a prohibited person and he clearly had

2    the arms for the protection of his home and his country.

3          Because, to prosecute Mr. McCartney for these charge would, on their face, violate the Second

4    Amendment, the indictment should be dismissed with prejudice.

5          Dated:  August 27, 2008

                                            Respectfully submitted,

6

7

                                            /s/ Robert W. Rainwater
8                                          ROBERT W. RAINWATER
                                           Attorney for Defendant
9                                          JOHN MCCARTNEY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCartney - Motion in Dismiss and Request for Hearing