IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:07-CR-00151 OWW |
| ) | |
| Plaintiff, ) | FINDINGS OF FACT AND |
| ) | CONCLUSIONS OF LAW ON |
| v. ) | DEFENDANT'S MOTION FOR RETURN |
| ) | OF PROPERTY |
| ) | |
| JOHN McCARTNEY, ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

After having considered the defendant's Motion for Return of Property, the government's Opposition thereto, the defendant's Reply to the Government's Opposition, and the defendant's Motion for Summary Judgment, and hearing thereon, the Court makes the following findings of fact and conclusions of law:

1. The defendant filed a motion for return of property pursuant to F.R.Crim.P. 41(g).

2. At the time the defendant filed his motion, ATF had already instituted forfeiture proceedings on the subject proprty.

3. Since the forfeiture proceedings were instituted, the Court could not exercise its equitable powers to decide the motion for return of property, so long as notice of the forfeiture proceeding was adequate. U.S. v. Clagett, 3 F.3d 1355, 1356 (9th Cir. 1993)(citations omitted).

    4.   A seizing agency must send notice of the forfeiture to interested parties within 60 days of the seizure.  18 U.S.C. §983(a)(1)(A)(i) and (iv).

    5.   The property was seized on May 24, 2007.

    6.   Notices were sent to interested parties, including, the defendant on June 7, 2007 and June 21, 2007.

    7.   Notice of the administrative seizure of property was published on June 21, June 28, and July 5, 2007.

    8.   The Court finds proper notice of the administrative forfeiture was given to the defendant.

    9.   Thus, the Court can not exercise its equitable powers to decide the merits of the defendant's motion.

WHEREFORE, it is hereby ordered and directed that the defendant's motion for return of property is denied.

IT IS SO ORDERED.

**Dated:   May 19, 2011**　　　　　　　　　　**/s/ Oliver W. Wanger**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE